IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDIANA INSURANCE COMPANY, an Indiana corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| CE DESIGN LTD., | ) ) ) |
| Defendant. | ) |

### INDIANA INSURANCE COMPANY'S
### COMPLAINT FOR DECLARATORY JUDGMENT

Indiana Insurance Company ("Indiana"), by and through its attorneys, and for its Complaint for Declaratory Judgment against Defendant, CE Design Ltd. ("CE Design"), states as follows:

### THE PARTIES

1. Plaintiff Indiana is an Indiana Corporation having its principal place of business in Boston, Massachusetts, and regularly conducts business in this District.

2. Defendant, CE Design, is an Illinois corporation doing business in this District and provides civil engineering, architecture and surveying services. It is neither the insured nor insurer with respect to the insurance policy made the subject of this Complaint. However, CE Design is an interested party because CE Design has filed a lawsuit for damages against Indiana's insured, Matrix LS, Inc. ("Matrix"), in the Illinois State Court in Lake County entitled *CE*

*Design, Ltd. v. Matrix LS, Inc. and* bearing case No. 05 L 269 ("Underlying Litigation") which remains pending.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 28 U.S.C. § 2201-2202 and seeks a declaratory judgment as to the rights and duties of Indiana regarding the Underlying Litigation under a Commercial Protector Policy issued by Indiana to Matrix.

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction because the matter in controversy exceeds $75,000 and is between citizens of different states.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

6. As a result of the dispute with CE Design regarding the existence of coverage for the claims made in the Underlying Litigation, there is an actual case or controversy between the parties.

## THE UNDERLYING LITIGATION

7. This action involves insurance coverage issues arising from the Underlying Litigation where CE Design alleges various causes of action, including alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA") and the Illinois Consumer Fraud Act, and common law conversion, against Matrix.

8. Before going out of business and being dissolved by the Michigan Department of Corporations in 2007, Matrix requested that Indiana defend and

indemnify it in the Underlying Litigation. Indiana has agreed to defend Matrix in the Underlying Litigation under a full reservation of rights, including the right to decline any coverage.

## THE INSURANCE POLICY AT ISSUE

9. Indiana issued a Commercial Protector Policy to Matrix bearing policy no. BOP9894530, with effective dates of 09/28/04 to 09/28/05 (the "Policy"). A copy of the Policy is attached to this Complaint as Exhibit A.

10. Indiana charged Matrix an annual premium of $501.00 for the Policy, which provided a range of coverages, with an aggregate limit of $2,000,000.

11. The Insuring Agreement for the Business Liability Coverage in the Commercial Protector liability coverage form of the Policy provides in pertinent part as follows:

    A.    COVERAGES

        1.    Business Liability

            a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance does not apply. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result.

\* \* \*

    b.    This insurance applies:

        (1)    To "bodily injury" and "property damage" only if:

            (a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

            (b)    The "bodily injury" or "property damage" occurs during the policy period.

        (2)    To:

            (a)    "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

            (b)    "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

        but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

12.    The Commercial Protector Liability Coverage Form for Business Liability Coverage in the Policy contains the following exclusions that apply to the Underlying Litigation:

4

B. EXCLUSIONS

1. Applicable to Business Liability Coverage

This insurance does not apply to:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

j. Professional Services

"Bodily injury", "property damage", "personal injury", or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:

(1) Legal, accounting or advertising services;

\* \* \*

p. Personal or Advertising Injury

"Personal injury" or "advertising injury;"

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured; or

\* \* \*

5

        q.    Advertising Injury

"Advertising injury" arising out of:

\* \* \*

        (4)    An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

\* \* \*

13.    The Policy contains the following policy definitions:

    F.    LIABILITY AND MEDICAL EXPENSES DEFINITIONS

        1.    "Advertising Injury" means injury arising out of one or more of the following offenses:

            a.    Oral or written publication of material that slanders or libels a person or organization, or disparages a person's or organization's goods, products or services;

            b.    Oral or written publication of material that violates a person's right of privacy;

            c.    Misappropriation of advertising ideas or style of doing business; or

            d.    Infringement of copyright, title or slogan.

\* \* \*

14.    "Occurrence" is defined in the Policy to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15.    "Personal injury" is defined in the Policy to mean "injury, other than "bodily injury" arising out of one or more of the following offenses:

        a.    False arrest, detention or imprisonment;

      b.     Malicious prosecution;

      c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;

      d.     Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

      e.     Oral or written publication of material that violates a person's right of privacy."

\* \* \*

16.    "Property damage" is defined in the Policy to mean:

      a.     "Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b.     Loss of use of tangible property that is not physically injured.

            All such loss or use shall be deemed to occur at the time of the "occurrence" that caused it."

\* \* \*

17.    "Suit" is defined in the Policy to mean "a civil proceeding in which damage because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to which this insurance applies are alleged." "Suit" includes:

      a.     An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

      b.     Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

    (1)    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

* * *

    (4)    Arising out of a criminal act committed by or at the direction of any insured;

* * *

    (9)    Committed by an insured whose business is:

            (a)    Advertising, broadcasting, publishing or telecasting;

<b>COUNT I</b>
<b><u>CAUSE OF ACTION FOR DECLARATORY<br>JUDGMENT UNDER THE POLICY</u></b>

18. Indiana hereby repeats and realleges the allegations set forth in paragraphs 1-17, as though fully set forth herein.

19. An actual case or controversy exists between Indiana and CE Design regarding whether insurance coverage is available to the Matrix for the conduct alleged in the Underlying Litigation.

20. CE Design claims that the Policy covers the claims made by it against Matrix in the Underlying Litigation and that Indiana has waived any defenses and exclusions to coverage by not adequately notifying Matrix of conflicts between it and Indiana and in not providing Matrix with counsel of its choice.

21. CE Design also contends that the Policy has no aggregate limits and therefore Indiana's indemnity obligation exceeds $650 million since Matrix's exposure in the Underlying Litigation, which has been certified as a class action, may be to as many as 1.3 million class members, each of whom may be entitled to between $500.00 and $1,500.00.

22. Indiana disputes CE Design's positions on coverage and the available limits under the Policy.

23. The Underlying Litigation does not set forth any claims against Matrix involving "occurrences" giving rise to "bodily injury" or "property damage" during the policy period, as those terms are defined in the Policy, and as a result there is no coverage for the Underlying Litigation under the "bodily injury" or "property damage" provisions of the Policy.

24. The Underlying Litigation does not set forth claims against Matrix that fall within the definition of "personal injury" since the conduct alleged involves "advertising, publishing, broadcasting or telecasting done by or for [Matrix]."

25. The Underlying Litigation does not set forth claims against Matrix that fall within the definition of "advertising injury" since the conduct at issue does not involve "publication of material that violates a person's right of privacy" or "an offense committed in the course of advertising [Matrix's] goods, products or services." Moreover, the claims are excluded from coverage since Matrix's business is "advertising broadcasting, publishing or telecasting."

26. Under Illinois law, it is against public policy for an insurer to provide coverage for violations of the TCPA. Therefore, Indiana has no obligation to defend or indemnify Matrix with respect the TCPA claims made in the Underlying Litigation.

27. The Policy also does not provide coverage for any injunctive, equitable, or other declaratory relief sought in the Underlying Litigation, nor does it cover any fines, penalties, or punitive or exemplary damages that may be awarded.

28. Certain exclusions and other terms and conditions applicable to the "bodily injury" and "property damage" provisions of the Policy and the Business Liability Coverage, including but not limited to those cited above, also apply to preclude coverage for the Underlying Litigation.

29. Given the stated limits of the Policy, even if the Court finds that Indiana has a duty to defend and indemnify Matrix in the Underlying Litigation, Indiana's indemnity obligation is limited to up to $2,000,000 of any settlement or judgment obtained by CE Design against Matrix in the Underlying Litigation.

WHEREFORE, pursuant to the Uniform Declaratory Judgment Action, 28 USC § 2201-2202, Indiana Insurance Company respectfully requests that this Honorable Court:

a. Declare that there is no coverage for Matrix under the Policy for the Underlying Litigation, including any duty to defend or indemnify:

      b.      Declare that Indiana may immediately terminate its defense of Matrix in the Underlying Litigation;

      c.      Alternatively, declare that the limits of Indiana's indemnity obligation are $2,000,000;

      d.      Otherwise declare all of the rights and obligations of Indiana under the Policy with respect to the Underlying Litigation; and

      e.      Award any and all other relief deemed equitable and just by the Court.

                                    INDIANA INSURANCE COMPANY

                                    /s/: James A. Morsch
                                        One of Its Attorneys

James A. Morsch (ARDC # 6209558)
Mark A. Schwartz (ARDC # 6270580)
Rachel D. Sher (ARDC # 6293785)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660

495476v2