IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **INDIANA INSURANCE COMPANY,** <br><br>             **Plaintiff,** <br><br>      v. <br><br> **MATRIX LS, INC. and CE DESIGN LTD.,** <br><br>             **Defendants.** | **Case No. 12 C 8839** <br><br> **Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

### I.   BACKGROUND

As this Court previously noted "[t]his case has a somewhat convoluted history." *Indiana Insurance Co. v. Matrix LS, Inc., and CE Design, Ltd.*, Memorandum Opinion and Order, *2, No. 06 C 2115, (N. Dist. Ill. June 27, 2012) ("Matrix One"). We can now drop the "somewhat."

Matrix One, seeking a declaration of rights as to insurance coverage, was filed in the Lake County Circuit Court by CE Design in 2006 shortly after it filed a class action lawsuit in the same court against Matrix alleging violations of the Telephone Consumer Protection Act. Matrix at the time was insured under a policy written by Indiana Insurance Company ("Indiana"), and Matrix One was filed because Indiana was defending Matrix pursuant to a reservation of rights. Indiana removed Matrix One to this court in April 2006. Indiana filed a Counterclaim against CE Design and a

cross claim against Matrix, likewise seeking a declaration of its coverage obligations. At the Court's suggestion, CE Design agreed to dismiss its suit without prejudice and Indiana should refile its Cross-Claim and Counterclaim as a new Complaint. After Indiana had done so, CE Design filed its Counterclaim against Indiana and Matrix seeking the same relief as before.

Following this realignment, the parties engaged in discovery and motion practice which culminated in Indiana filing a Summary Judgment Motion with respect to CE Design's Counterclaim contending that CE Design did not have standing to obtain declaratory relief. The Court granted the Motion holding that CE Design's interests could be adequately protected by being named as a defendant to Indiana's claim. Left pending was Indiana's request for declaratory relief. There was no further activity in the case until November 17, 2011, when new counsel filed an appearance on behalf of Indiana. Indiana subsequently moved for summary judgment on the issue of its duty to defend and indemnify Matrix. CE Design then moved to dismiss the case for want of prosecution. On June 27, 2012, the Court dismissed the case for want of prosecution due to Indiana having allowed the case to remain dormant for more than 4 years. On July 24, 2012, the Court modified its order to specify that the dismissal was without prejudice. On November 5, 2012, Indiana filed the instant suit (which we will call "Matrix

Four") again seeking a declaration regarding its coverage and its obligation to defend and indemnify Matrix.

In the meantime, prior to the dismissal of Matrix One, CE Design filed two other cases in different state courts seeking the same declaratory relief. The first case was filed on November 3, 2011, in the Milwaukee, Wisconsin Circuit Court ("Matrix Two"), which Indiana removed to the Eastern District of Wisconsin on December 2, 2011, and subsequently moved to dismiss it. On January 10, 2012, after briefing was complete, but before the court could rule, CE Design voluntarily dismissed Matrix Two. On December 7, 2011, while both Matrix One and Matrix Two were still pending, CE Design filed yet another declaratory judgment action in Massachusetts state court ("Matrix Three"). Indiana did not remove this action but on March 20, 2012, filed a motion to dismiss on standing grounds, which was granted on November 5, 2012. Dismissal occurred on the same date that Indiana filed Matrix Four in this Court. CE Design appealed the dismissal of Matrix Three to the Massachusetts state appellate court, which appeal is still pending. CE Design has now moved to dismiss or stay or transfer to Michigan (Matrix's state of incorporation) Matrix Four.

CE Design argues that the *Wilton/Brillhart* abstention doctrine applies and this Court should exercise its discretion to dismiss or stay this lawsuit because the sole relief sought is declaratory relief and a parallel state court proceeding is ongoing in

Massachusetts. This abstention doctrine, named after two Supreme Court cases, holds that federal district courts have substantial discretion in deciding whether to declare the rights of litigants, and may, in their sound discretion, stay or dismiss an action seeking a declaratory judgment in favor of a parallel ongoing state court case. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-5 (1942) and *Wilton v. Seven Falls Co.*, 515 277, 288 (1995). CE Design further contends that the fact that the Massachusetts case is on appeal makes no difference because the trial and appeals process is treated as a unitary system, and until all appeals are exhausted, a state judicial proceeding is deemed to be pending, citing *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367 (1989). As an alternative to dismissal or stay, CE Design moves to transfer Matrix Four to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). This is appropriate, it claims, because Matrix was incorporated in Michigan and much of the activities relating to the issuance of the Indiana insurance policy occurred there.

Indiana responds by pointing out that the Massachusetts action is on appeal after the state court dismissed CE Design's attempt to get the state to declare Matrix's rights under the Indiana policy, and cites *James River Ins. Co. v. Rinella & Rinella, Ltd.*, No. 07 C 4233, 2008 WL 630496, at *2 (N.E. Ill. Mar. 5, 2008) for the position that the federal court should exercise discretion and keep

the case in situations where there is insufficient opportunity to raise and settle the issues in the state court. It cites *Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 51 (1st Cir. 1995), which held that where the state case had been dismissed and was on appeal, no parallelism existed. Indiana also argues against transfer to Michigan because CE Design, itself, picked the Illinois Courts for filing Matrix One, seeking a declaratory judgment as to the insurance coverage and that Matrix has been administratively dissolved by the State of Michigan.

## II.  DISCUSSION

### A.  Motion to Dismiss or Stay

In 1995, the Supreme Court, ruled that federal courts have discretion in deciding whether to hear an action filed under the Federal Declaratory Judgment Act where there is a parallel state court action pending. *Wilton v. Seven Falls Co.*, 515 U.S. 277. In so ruling, the court declined to follow the "unique circumstances" test annunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 ( 1976). The discretion should be exercised with "considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 287. In the predecessor case to *Wilton*, *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495-6 (1942), the Supreme Court set forth some of the factors that a federal court should consider in deciding to refrain from exercising of discretion: (1) whether the question in controversy

between the parties can better be settled in the proceeding pending in state court, *e.g.*, the scope of the pending state court proceeding, the nature of the defenses; and (2) whether the claims of all of the parties can be satisfactorily be adjudicated in that proceeding. The Seventh Circuit has expanded on the factors to be considered by adding whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 804 F.3d 983, 986-7 (7th Cir. 2010).

When analyzed under these factors, it is clear that this Court would be abusing its discretion if it dismissed this case in favor of Matrix Three. The two cases are clearly not parallel. Indiana is a defendant in that case and was successful for the second time in getting the case dismissed for lack of standing on the part of CE Design. That case is on appeal and any further action would have to await the ruling of the Massachusetts appellate court. Since two courts have ruled that CE Design does not have standing to pursue a declaratory judgment action the chances on appeal appear to be insubstantial. In any event, Indiana would have to await the outcome on appeal before it could even present its counterclaim. In the meantime, Matrix Four is pending in this Court and is ready to proceed to dispositive motions which have previously been briefed but not ruled upon. While the Court has not been made aware of the status of the underlying class action

litigation other than it is still pending, it would appear to be important for Indiana to obtain a declaration sooner rather than later. Based on the foregoing, the Court will exercise its discretion to decline to dismiss or stay Matrix Four.

### B. Motion to Transfer

The court next must consider CE Design's Motion to Transfer the case to the Federal District Court of Eastern Michigan pursuant to 28 U.S.C. § 1404(a). The basis for CE Design's Motion is the fact that Matrix, Indiana's insured is (or was) a Michigan entity and supposedly its material witnesses and sources of proof are located in Michigan and Michigan law would govern the outcome of this case.

A Motion for Transfer Venue is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, transfer under Section 1404(a) is appropriate where the moving party demonstrates that: (1) venue is proper in the transfer district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Whether these factors justify transfer

is committed to the sound discretion of the trial court and requires "individualized, case-by-case consideration of convenience and fairness" and the movant has the burden of establishing that the transferee forum is clearly more convenient. *Coffey,* 796 F.2d at 220.

Here CE Design as clearly not established in any way that the Michigan court would be more convenient. It is an Illinois Corporation. It originally picked this Court in which to file its declaratory action. It has no connection to Michigan. It is attempting to prove convenience by arguing that Matrix, who has not joined in the Motion, would find the transfer more convenient. Moreover, CE Design has not indicated what the witnesses that it intends to call who currently reside in Michigan and who might, in fact, be inconvenienced. The fact it has filed three suits seeking declaratory judgment in three separate states, none of which is Michigan, speaks volumes as to its consideration of its own convenience.

Public interest does not demand transfer. First, the underlying litigation is presently pending in Illinois, so it is this state's interest to see that the insurance coverage issue is resolved. Second, while Michigan law probably will apply, CE Design does make any effort to show that Michigan law is so unique that the issues of insurance coverage would be so complicated that a court sitting in Illinois would be unable to figure it out.

Based on the foregoing, the Court finds that CE Design has failed to show that the Eastern District of Michigan is clearly the more convenient forum. Accordingly, the Motion to Transfer is denied.

One last comment: as befits a case with such a convoluted history, it is ironic that each party is fighting to litigate in the other's back yard.

### III.  CONCLUSION

For the reasons stated herein, the Motions of CE Design to Dismiss or Stay or Transfer are denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

**DATE:** 6/24/2013